Anthony P. Savarese, S.
Decedent died on December 25, 1956. Among his effects were two testamentary papers dated May 1, 1952 and February 11, 1953, respectively, the latter of which expressly revoked the former and is here propounded. Contestants answer that the instrument offered for probate is not the last will and testament of the decedent as it was duly revoked by him in his lifetime. The court reaches the same conclusion.
The propounded instrument, consisting of three typewritten sheets stapled with a legal back, was found torn into numerous pieces. This was apparently accomplished by a single tear of the instrument while horizontally folded. The torn instrument, together with a torn envelope in which it had been enclosed, were found in a cardboard box turned over to decedent’s attorneys by the owner of the home in which decedent had rented a room. The landlord’s testimony indicated that decedent had summoned him to his room before leaving for the hospital from which he never returned; that, on this occasion, decedent was found tearing and discarding papers in his possession; and that the landlord was instructed by the decedent to transmit an indicated cardboard box with its contents to decedent’s attorneys in the event of his death.
Proponent urges that the deceased mistakenly tore the propounded instrument having no intention to revoke; that it was his intention instead to destroy his earlier will, as he had been advised to do upon executing the paper now before the court; and that this conclusion is reinforced by the fact that the torn instrument was placed among papers to be preserved.
The law presumes that this instrument was torn by the decedent, in his lifetime, animo revoeandi. (Matter of Hopkins, 172 N. Y. 360; Matter of Schoengold, 182 Misc. 274; Matter of Funk, 139 N. Y. S. 2d 225.) No evidence has been presented which suffices to overcome this presumption. Probate is accordingly denied.